# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER MCCLURE and ALICE INGRAM, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07CV1686 FRB |
| CHRIS REHG, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Walter McClure and Alice Ingram for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiffs, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights. Named as defendants are Chris Rehg (Mayor, Flordell Hills), Mark Haywood (Prosecutor), Ron Brockmeyer (Judge), Robert Orr (Police Chief), Unknown Lane (Sergeant), Unknown Bell (Police Officer), Unknown Clayborn (911 Operator), Jennings Police Department, and various John Does. Plaintiffs seek monetary relief and the removal of a state criminal action to this Court.

The complaint alleges that plaintiff Ingram called 911 and claimed that plaintiff McClure, who is her husband, abused her. Plaintiffs claim that Ingram called 911 a

second time and told them that nothing had happened. Plaintiffs say that despite Ingram's second call to 911, the police continued their response to plaintiffs home. Plaintiffs allege that McClure was arrested as a result of the 911 call. Plaintiffs claim that defendants are continuing to prosecute criminal charges against McClure despite Ingram's wishes. Plaintiffs claim that the prosecution is continuing because the City of Jennings has a "no-drop" policy.[1]

## Discussion

Plaintiffs' complaint is legally frivolous as to defendant Haywood because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, []

---

[1] A "no-drop" policy is one that ensures domestic violence cases will be prosecuted irrespective of the wishes of the victim. 42 No. 1 Crim. L. Bull. 6; Kalyani Robbins, *No-Drop Prosecution of Domestic Violence: Just Good Policy, or Equal Protection Mandate?*, 52 Stan. L. Rev. 205, 216 (1999). "No-drop" policies are considered useful by prosecutors because many domestic violence victims fail to cooperate with prosecutors because of fear of retaliation, low self-esteem, financial dependence on the defendant, or sympathy for the assailant. 42 No. 1 Crim. L. Bull. 6. "No-drop" policies work hand-in-hand with "evidence based prosecution" or "victimless prosecution," which rely "on the use of out-of-court statements to establish the guilt of the defendant when the complaining witness either refuses or is otherwise unable to cooperate with the prosecution." Id. Rather than the victim's testimony, the prosecutors rely on "statements the complainant may have made to a third party, such as a 911 operator or a police officer at the crime scene. These statements often are introduced as 'excited utterances' under an exception to the general rule against hearsay and are offered up 'for the truth,' i.e., as a factual account of the alleged assault." Id.

the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Similarly, plaintiffs' complaint is legally frivolous as to Judge Brockmeyer because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

Plaintiffs allege that McClure was arrested and prosecuted because of the City of Jennings' "no-drop" policy. The Court need not reach the constitutionality of the

policy, however, because the alleged facts do not rise to the level of a constitutional violation. Plaintiffs are responsible for the police activity in this case because plaintiff Ingram called 911 and requested help. Plaintiffs cannot state a claim for unconstitutional warrantless entry into their home when they voluntarily gave the police officers probable cause to think that there was dangerous activity in their home. As a result, plaintiffs have failed to state a prima facie case under § 1983.

Additionally, even if the Constitution is implicated by the alleged facts, defendants are immune from this lawsuit. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Maness v. Dist. Court</u>, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). The Court is not aware of any constitutional prohibition of "no-drop" policies, and a reasonable state actor could believe that the aggressive prosecution of domestic violence thorough the use of "no-drop" policies is lawful. As a result, the remaining defendants are entitled to qualified immunity.

For each of these reasons, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 8th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE